IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TROY HOLLAND                                                                    PLAINTIFF

v.                          CIVIL NO. 03-2007

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Troy Holland brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

The application for DIB presently before this court was filed on June 22, 2000, alleging an inability to work since September 8, 1998,[1] due to right eye blindness, diabetes, diabetic retinopathy and back problems and pain. (Tr. 100-102). An administrative hearing was held on March 20, 2002. (Tr. 32-63). Plaintiff was present and represented by counsel.

By written decision dated July 23, 2002, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 25). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P,

---

[1] At the hearing before the ALJ, plaintiff amended his alleged onset date to December 31, 2000. (Tr. 42).

Regulation No. 4. (Tr. 25). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform work activities at the light level of exertion. (Tr. 26). More specifically, the ALJ found plaintiff can stand and walk up to six hours in an eight-hour workday; can sit for up to six hours in an eight-hour workday; can lift and carry up to twenty pounds occasionally, ten pounds frequently and push and pull the same amounts; and can occasionally crouch and kneel. As far as visual limitations, the ALJ found plaintiff's left eye is blurred at about fifteen to twenty feet, that is takes strong effort to strain for him to be able to read and he has difficulty reading fine print upon close work. (Tr. 26). With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as motel maid, an unarmed guard and a telemarketer. (Tr. 26).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on November 14, 2002. (Tr. 5-7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision.[2] (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 7,8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

---

[2]On April 29, 2003, prior to filing her answer, the Commissioner requested a remand under "sentence six" of 42 U.S.C. § 405(g) due to a lost transcript. (Doc. # 5). On May 21, 2003, this court granted the Commissioner's request. (Doc. # 7). On March 28, 2005, the Commissioner requested the court's permission to reopen the case in order to file her answer and transcript. (Doc. # 18). On March 29, 2005, this court granted the Commissioner's motion. (Doc. # 12). On April 4, 2005, the Commissioner filed her answer with the transcript in this case. (Doc. # 13).

AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ

4

is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The ALJ, in concluding that plaintiff could perform light work, relied on RFC assessments completed by a non-examining, medical consultants, indicating plaintiff could perform light work. (Tr. 224-231). We first note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Furthermore, these consultants indicated that plaintiff had no visual limitations, but then in the comment section wrote plaintiff was blind in his right eye and had vision problems in his left eye. (Tr. 231).

In determining plaintiff could perform light work, the ALJ addressed Dr. David Alan Richter's, a consultative general physical examiner's, notes indicating plaintiff had full range of motion in his back and joints, but he failed to address Dr. Richter's opinion that plaintiff was unable to walk and carry for any distance and was unable to lift. (Tr. 217). Along with his examination of plaintiff, Dr. Richter also reviewed x-rays of plaintiff's spine which revealed spondylosis with hypertrophic spurring at most of the levels of the lumbar spine. (Tr. 218). As Dr. Richter's opinion is the only opinion from an examining or treating physician discussing limitations caused by plaintiff's back pain, it was error for the ALJ not to discuss his reasons for discounting or accepting Dr. Richter's opinion. *Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000) (holding that it was improper for the ALJ to rely on the opinions of reviewing physicians alone). Accordingly, we do not find substantial evidence supporting the ALJ's RFC determination.

AO72A
(Rev. 8/82)

We are also troubled by the ALJ's failure to address Dr. Ken Wallace's opinion that plaintiff should not work in an environment that requires good depth perception. The ALJ noted that Dr. David R. Razas opined plaintiff's sensitivity to glare and light could be palliated with the use of sunglasses but he did not discuss why he disregarded Dr. Wallace's opinion that plaintiff should not work a job that requires good depth perception.

Based on the above discussion, we believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Drs. Richter and Wallace --asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Specifically, the ALJ should request that Dr. Wallace discuss in detail what limitations are caused by plaintiff's visual impairments. The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. § 404.1517.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 15th day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)